IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR RONALD HARMON #364-331,   *

Petitioner,   *

v.   *   Civil Action No. PWG-14-1949

MARYLAND PAROLE COMMISSIONER,   *

Respondent.   *

***

## MEMORANDUM

Petitioner Arthur Harmon, a Maryland Division of Correction ("DOC") prisoner held at the Maryland Reception, Diagnostic & Classification Center ("MRDCC"), seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] Harmon notes that in 1984, he was convicted of second-degree murder in Worcester County, Maryland, and received a twenty-year sentence. Pet. 2 & 9, ECF 1. Harmon apparently was released before serving the entire twenty-year sentence. In 2010, he was convicted in Worcester County of three counts of theft, *id.*, and sentenced to four years of incarceration. *Id.* at 8. He claims that his four-year sentence was imposed to run concurrent to time remaining on his twenty year sentence. *Id.* at 9.

Harmon states that on January 3, 2012, after serving twenty months on the theft convictions, he was transported to Fairfax, Virginia, pursuant to a detainer to stand trial on additional charges. Harmon was sentenced by a Virginia court to two years of incarceration and held there for fourteen months before returning to the Maryland DOC to face parole revocation proceedings. He contends that any time remaining on his twenty-year sentence has now expired and that the fourteen months of incarceration in Virginia should be credited toward any period of incarceration remaining on his four-year sentence for theft. *Id.* at 8.

---

[1] Harmon also seeks leave to proceed in forma pauperis, ECF 2.

1

Harmon indicates his parole revocation decision was rendered on May 9, 2014, and that he has appealed that decision in the circuit court. He complains that more than thirty days have elapsed since he noted his appeal without action by the appellate court. *Id.* at 5.

The instant petition involves questions of State law and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Harmon must exhaust his parole revocation/computation claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The claim must be fairly presented at all appropriate levels in the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Harmon initiated state court review of the parole revocation decision last month. The circuit court has yet to act on his appeal. His failure to exhaust state remedies requires dismissal of the instant petition. A Certificate of Appealability shall not issue in this case as the dismissal is based on procedural grounds and Harmon has failed to demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

A separate Order dismissing the Petition and denying a Certificate of Appealability follows.

070814
Date

Paul W. Grimm
United States District Judge